# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY**                                                    **PLAINTIFF**

**V**                          **Case No. 4:19cv00223-JM**

**ESTATE OF CARL G. DIXON, by and through**
**its duly named administrator, Carla Papera;**
**MARY ANN DIXON; and JEREMY J. SMITH,**                **DEFENDANTS**

## JUDGMENT AND ORDER

Pending is the Unopposed Motion for Default Judgment Against Defendants Mary Ann

Dixon and Jeremy J. Smith filed by Plaintiff, The Lincoln National Life Insurance Company

("Lincoln" or "Plaintiff").  After consideration of the record before it, the Court finds as follows:

1.    This is an action regarding adverse claims to certain life insurance benefits payable

   because of the death of Carl G. Dixon ("Decedent"), who was insured as a dependent of

   his spouse, Mary Ann Dixon ("Mary Dixon") under a group life insurance policy issued

   by Lincoln to Mary Dixon's employer, Conway Medical Center ("Conway".  Lincoln

   filed its Verified Complaint For Interpleader (Dkt 1) pursuant to Rule 22 of the Federal

   Rules of Civil Procedure to determine entitlement to those proceeds.

2.    Defendant Estate of Carl G. Dixon, by and through its duly named administrator, Carla

   Papera, has appeared and answered the Complaint for Interpleader.

3.    Defendant Mary Ann Dixon has made no appearance in this matter and default has been

   entered against her.

4.    Defendant Jeremy J. Smith has made no appearance in this matter and default has been

   entered against him.

5.  Each of the Defendants in this matter has an interest in the $40,000.00 in insurance proceeds payable by reason of the death of Carl G. Dixon ("Decedent"), who was insured under a group life insurance policy ("Group Policy") issued by Lincoln to the employer of Mary Ann Dixon, Conway Medical Center Group ("Conway").

6.  The Group Policy was issued pursuant to, and is part of, the Conway Medical Center Group Life Benefit Plan (the "Conway Plan"), which is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

7.  Lincoln does not claim any interest in the Disputed Funds.

8.  Lincoln has incurred no independent liability to any of the Defendants and did not create the situation which caused the conflicting claims.

WHEREFORE, upon consideration of the pleadings, and for good cause shown, it is by the Court **ORDERED, ADJUDGED AND DECREED** that judgment be and the same is hereby rendered in favor of Lincoln.

Further, it is hereby **ORDERED, ADJUDGED AND DECREED:**

1.  The Complaint for Interpleader was properly filed to obtain a determination of the proper party to receive the funds at issue in this matter.

2.  This Court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) because this action involves competing claims for benefits and to enforce rights under a employee welfare benefit plan and an employee pension benefit plan, both of which are governed by ERISA.

3.  Default Judgment is granted in Plaintiff's favor regarding Defendants Mary Ann Dixon and Jeremy J. Smith.

4.      All claims of Mary Ann Dixon and Jeremy J. Smith which could have been raised against Lincoln with respect to all rights under the Group Policy are dismissed with prejudice.

5.      Mary Ann Dixon and Jeremy J. Smith are enjoined from instituting or prosecuting any other proceedings against Lincoln, the Conway Plan, or Conway and its parents and affiliates relating to the life insurance proceeds at issue in this matter.

6.      This is the final judgment of the Court as to Defendants Mary Ann Dixon and Jeremy J. Smith.

IT IS SO ORDERED this 23rd day of August, 2019.

_____
DISTRICT JUDGE