UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY                                                        PLAINTIFF
    v.                       Case No. 4:19cv00223-JM

ESTATE OF CARL G. DIXON, by and through
its duly named administrator, Carla Papera;
MARY ANN DIXON; and JEREMY J. SMITH                DEFENDANTS

## AGREED ORDER OF DISCHARGE,
## DEFAULT JUDGMENT, AND FINAL JUDGMENT

This matter having come before the Court on the Joint Motion for Entry of Agreed Order of Discharge, Default Judgment, and Final Judgment filed by Plaintiff The Lincoln National Life Insurance Company ("Lincoln" or "Plaintiff") and Defendant, Estate of Carl G. Dixon, by and through its duly named administrator, Carla Papera ("Defendant" or "Estate"), and the Court having considered the motion, the Court finds as follows:

## STIPULATED FINDINGS OF FACT

1. This is an action regarding adverse claims to certain life insurance benefits payable because of the death of Carl G. Dixon ("Decedent"), who was insured as a dependent of his spouse, Mary Ann Dixon ("Mary Dixon") under a group life insurance policy issued by Lincoln to Mary Dixon's employer, Conway Medical Center ("Conway"), and Lincoln filed its Verified Complaint For Interpleader (Dkt 1) pursuant to Rule 22 of the Federal Rules of Civil Procedure, to determine entitlement to those proceeds.

2. As of April 8, 2013, Decedent had $40,000 in basic group life insurance coverage. No death benefits have been paid to date. Thus, the total amount of insurance proceeds at issue in this matter is $40,000.00 ("Insurance Proceeds").

3. Each of the Defendants in this matter have a claimed and/or potential interest in the Insurance Proceeds. Due to competing claims, Lincoln made no distribution of the Insurance Proceeds and Plaintiffs filed their Complaint for Interpleader on April 2, 2019. Thus, the total amount of Insurance Proceeds that remain at issue in this matter is $40,000.

4. Defendant Estate of Carl G. Dixon, by and through its duly named administrator, Carla Papera, has appeared and answered the Complaint for Interpleader.

5. Defendants Mary Ann Dixon and Jeremy J. Smith have made no appearance in this matter and a Clerk's Default [Dkts 17 and 18] was entered as to each of these Parties on July 30, 2019. On August 15, 2019, Lincoln filed its Motion for Default Judgment, which has been entered by the Court on this date.

6. Plaintiffs have incurred no independent liability to any of the Defendants and did not create the situation which caused the conflicting claims.

7. On July 2, 2019 Plaintiff Lincoln National Life Insurance Company filed a Motion to Deposit Funds [Dkt 10]. On July 16, 2019 the Court entered an Order [Dkt 15] granting the motion to deposit funds. However, in light of the default of two of the three Defendants in this action, and as Plaintiff does not claim any interest in the Insurance Proceeds, Lincoln and the Estate have settled all matters between them.

8. The Defendant Estate stipulates and agrees to the distribution of a collective 100% of the Disputed Funds, including accumulated interest, if any, to the Estate of Carl G. Dixon, as the judgment of this Court. The Plaintiff does not oppose this stipulation and agrees pay the funds as allocated, as the judgment of this Court, subject to its full and complete discharge of liability under the terms provided herein.

9. The Estate stipulates and consents to the discharge of Lincoln and Conway from any and all liability to all Defendants associated in any manner with the Disputed Funds, the Policy, and the Life Insurance Plan, as ordered below.

10. The Court finds the distribution of the Disputed Funds as described above is an appropriate final resolution of this matter.

WHEREFORE, upon consideration of the pleadings, and for good cause shown, it is by the Court ORDERED, ADJUDGED AND DECREED that judgment be and the same is hereby rendered as follows.

1. This Court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) because this action involves competing claims for benefits and to enforce rights under an employee welfare benefit plan, which is governed by ERISA.

2. Defendants Mary Ann Dixon and Jeremy Smith have made no appearance in this matter and default has been entered against them.

3. The Court finds the distribution of the Disputed Funds as described above is an appropriate final resolution of this matter.

4. Lincoln and Conway are fully and finally discharged from all further liability as to any claims of Defendants related to, arising from, or having any connection with the Insurance Proceeds at issue in this matter or the respective benefit plans.

5. Final judgment is awarded to the Estate of Carl G. Dixon for one hundred percent (100%) of the Disputed Funds, including accumulated interest.

6. Lincoln is directed to distribute one hundred percent (100%) of the Disputed Funds, including accumulated interest, to the Estate of Carl G. Dixon by a single check made payable to "Satterfield Law Firm f/b/o Estate of Carl G. Dixon" and delivered to its

attorney, Guy "Randy" Satterfield, at the following address: Three Financial Centre, 900 S. Shackleford, Ste 300, Little Rock, AR 72211.

7. The Parties shall bear their own attorneys' fees in this matter, unless otherwise addressed in this Order and Judgment.

8. This is the final judgment of the Court as to all parties in this action. Any relief requested in this action that is not granted herein is denied.

IT IS SO ORDERED this this 23rd day of August, 2019.

_____
HONORABLE JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE